IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
JUL 23 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVAN

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-223 |
| STEPHANIE ATKINS | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Theft of Mail by Postal Employee<br>On or about May 14, 2019 | 18 U.S.C. § 1709 |

### II. ELEMENTS OF THE OFFENSES

A.  **As to Count 1:**

In order for the crime of Theft of Mail by Postal Employee, in violation of 18 U.S.C. § 1709, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant was an employee of the United States Postal Service.

United States v. Hoobler, 585 F.2d 176 (6th Cir. 1978); United States v. Rupert, 510 F.Supp. 821 (M.D. Pa. 1981); United States v. Rush, 551 F.Supp. 148 (D.C. Iowa 1982); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶49.04 (1989).

2. That at the time the defendant was a United States Postal Service employee, the letter/package referred to in the Indictment came into her possession.

United States v. Anderson, 850 F.2d 563 (9th Cir. 1988); United States v. Dollard, 780 F.2d 1118 (4th Cir. 1985); United States v. Holley, 463 F.2d 634 (5th Cir. 1972); Kelly v. United States, 166 F.2d 343 (9th Cir. 1948); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶49.04 (1989).

3. That the letter/package referred to in the Indictment was intended to be sent through the United States mails.

United States v. Dollard, 780 F.2d 1118 (4th Cir. 1985); United States v. Rodriquez, 613 F.2d 28 (2d Cir. 1980), cert. denied, 446 U.S. 967 (1980); United States v. Hergenrader, 529 F.2d 83 (8th Cir. 1976), cert. denied, 426 U.S. 923 (1978); United States v. Rupert, 510 F.Supp. 821 (M.D. Pa. 1981); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶49.04 (1989).

4. That the defendant intentionally took the letter/package, or the contents of the letter/package, for her own use, knowing that it belonged to someone else.

United States v. Dollard, 780 F.2d 1118 (4th Cir. 1985); United States v. Willis, 515 F.2d 798 (7th Cir. 1975); United States v. First, 600 F.2d 170 (8th Cir. 1979); United States v. Rush, 551 F.Supp. 148 (D.C. Iowa 1982); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶49.04 (1989).

### III. PENALTIES

A. As to Count 1: Theft of Mail by Postal Employee (18 U.S.C. § 1709):

1. Imprisonment of not more than 5 years (Title 18 U.S.C. §1709);

2. A fine not more than the greater of;

   (a) $250,000, Title 18 U.S.C. §3623(a)(3) (effective December 31, 1984, through October 31, 1987); now 18 U.S.C. §3571(b)(3) (effective November 1, 1987);

or

    (b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process. Title 18 U.S.C. §3623(c)(1) (effective December 31, 1984, through October 31, 1987); now 18 U.S.C. §3571(d) (effective November 1, 1987);

3. A term of supervised release of not more than three (3) years. Title 18 U.S.C. §3583; and

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ N. Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

3